**Jorgen Lester Rama MASENGI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–76236.**

United States Court of Appeals, Ninth Circuit.

---

* The Honorable Glenn L. Archer, Jr., Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 11, 2009.*

Filed June 17, 2009.

Kurt Miller, Esquire, The Law Offices of Kurt Miller, Morgan Hill, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, Andrew Jacob Oliveira, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: TROTT, McKEOWN, and IKUTA, Circuit Judges.

## MEMORANDUM **

■  We lack jurisdiction over Masengi's asylum claim because it was untimely filed. *See Husyev v. Mukasey,* 528 F.3d 1172, 1178 (9th Cir.2008).

■  Masengi is not eligible for withholding of removal under 8 U.S.C. § 1231(b)(3) or the Convention Against Torture, because substantial evidence in the record supports the BIA's determination that Masengi does not face a clear probability of either persecution on account of his race and religion or torture, *see Khourassany v. INS,* 208 F.3d 1096, 1100 (9th Cir.2000), even taking into account his membership in disfavored reli-

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gious and racial groups, *see Wakkary v. Holder,* 558 F.3d 1049, 1065 (9th Cir.2009). There is no evidence of IJ bias with respect to Masengi's contention that the IJ had a pre-conceived notion of conditions in Indonesia such that the IJ believed that no individual from that country could establish a grounds for relief. Likewise, there is no basis for Masengi's claim that the IJ's decision was based on speculation rather than substantial evidence in the record.

Masengi waived any legal argument regarding the propriety of the IJ's exclusion of his expert witness by failing to develop a coherent legal argument in his brief to this court regarding why the IJ erred. *See Kohler v. Inter–Tel Techs.,* 244 F.3d 1167, 1182 (9th Cir.2001).

**PETITION DENIED.**